**FOR PUBLICATION**

## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS & ST. JOHN

| | |
|---|---|
| In re: | Civil Nos. 2008-146 |
| | 2008-147 |
| JEFFREY J. PROSSER | Re: Chapter 7 Case No. 06-30009 |
| Debtor. | |
| | |
| In re: | |
| | |
| INNOVATIVE COMMUNICATION CORPORATION, | Re: Chapter 11 Case No. 07-30012 |
| Debtor. | |
| | |
| STAN SPRINGEL | |
| Plaintiff, | |
| v. | Re: Adv. Proc. No. 08-03003 |
| DAWN PROSSER, | |
| Defendant. | |
| | |
| JAMES P. CARROLL, | |
| Plaintiff, | |
| v. | Re: Adv. Proc. No. 08-03006 |
| DAWN PROSSER, | |
| Defendant. | |

**ATTORNEYS:**

Andrew Kamensky, Esq.

*In re: Jeffrey J. Prosser*
Civil Nos. 2008-146 and 2008-147
Memorandum Opinion
Page 2

Miami, FL
    *For Stan Springel,*

**Daniel C. Stewart, Esq.**
**James J. Lee, Esq.**
**Michaela C. Crocker, Esq.**
Dallas, TX
    *For Stan Springel,*

**Yann Geron, Esq.**
**Fred Stevens, Esq.**
New York, NY
    *For James P. Carroll,*

**A. Jeffrey Weiss, Esq.**
St. Thomas, U.S.V.I.
    *For Jeffrey J. Prosser,*

**Robert F. Craig, Esq.**
Omaha, NE
    *For Jeffrey J. Prosser,*

**Karin A. Bentz, Esq.**
**Christopher A. Kroblin, Esq.**
St. Thomas, U.S.V.I.
    *For Dawn Prosser.*

**Leigh F Goldman, Esq.**
St. Thomas, U.S.V.I.
    *For John Justin Prosser, Michael J. Prosser, Sybil G. Prosser, Michelle LaBennett Prosser, and Lyndon A Prosser,*

**Alan E Pedersen, Esq.**
Omaha, NE
    *For John Justin Prosser, Michael J. Prosser, Sybil G. Prosser, Michelle LaBennett Prosser, and Lyndon A Prosser,*

**Thomas F. Friedberg, Esq.**
San Diego, CA
    *For John Justin Prosser, Michael J. Prosser, Sybil G. Prosser, Michelle LaBennett Prosser, and Lyndon A Prosser.*

*In re: Jeffrey J. Prosser*
Civil Nos. 2008-146 and 2008-147
Memorandum Opinion
Page 3

## MEMORANDUM OPINION

**GÓMEZ, C.J.**

Before the Court are the motions of Dawn Prosser ("Dawn Prosser" or "Prosser") for withdrawal of this Court's automatic reference to the United States Bankruptcy Court for the District of the Virgin Islands (the "Bankruptcy Division") of the two above-captioned adversarial proceedings: *Springel v. Prosser*, Adversarial Proceeding No. 08-3003, and *Carroll v. Prosser*, Adversarial Proceeding No. 08-3006.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Because the Court has previously outlined the facts of these matters in related proceedings, the Court recites only those facts pertinent to its analysis in these motions.

Prosser has been named as a defendant in the two above-captioned adversarial proceedings. The plaintiffs in those cases, the Chapter 11 and Chapter 7 trustees of the bankruptcy estates (the "Trustees"), seek the recovery of alleged pre-bankruptcy petition fraudulent transfers and unauthorized post-bankruptcy petition transfers.

On November 17, 2008, Prosser moved for emergency relief to stay the trial of Adversarial Proceeding Nos. 08-3003 and 08-3006. In an abundance of caution, the Court granted that motion pending disposition of the renewed motion to withdraw the

*In re: Jeffrey J. Prosser*
Civil Nos. 2008-146 and 2008-147
Memorandum Opinion
Page 4

reference pursuant to Title 28, Section 157(d) of the United States Code (Section 157(d)").

## II.  DISCUSSION

Section 157(d) provides that "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d).  In determining whether "cause" exists for discretionary withdrawal under Section 157(d), courts are to consider four factors: (1) promoting uniformity in bankruptcy administration, (2) reducing forum-shopping, (3) fostering economical use of debtors' and creditors' resources, and (4) expediting the bankruptcy process. *In re Pruitt*, 910 F.2d 1160, 1168 (3d Cir. 1990).

## III.  ANALYSIS

In *Springel v. Prosser*, Adversarial Proceeding No. 08-3003, and *Carroll v. Prosser*, Adversarial Proceeding No. 08-3006, Prosser previously moved to withdraw the references, arguing that she is entitled to a jury trial.  The Court denied those motions without prejudice, ruling that Prosser could renew her motion "if and when the Bankruptcy Division certifies such action as trial-ready." *Springel v. Prosser*, Civ. Nos. 2008-43, 2008-54, 2008 U.S. Dist. LEXIS 64649, at *11 (D.V.I. Aug. 21, 2008); *see also Carroll v. Prosser (In re Prosser)*, Civ. No. 2008-61, 2008

*In re: Jeffrey J. Prosser*
Civil Nos. 2008-146 and 2008-147
Memorandum Opinion
Page 5

U.S. Dist. LEXIS 54960, at *11 (D.V.I. July 18, 2008). Prosser states that those trials either have begun or will begin shortly.

The Seventh Amendment provides that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . . ." U.S. Const. amend. VII. The phrase 'Suits at common law' refers to "suits in which legal rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered." *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41 (1989) (quoting *Parsons v. Bedford*, 28 U.S. (3 Pet.) 433, 447 (1830)).

In *Granfinanciera, S.A. v. Nordberg*, the Chapter 11 bankruptcy trustee commenced an action under Section 548 of the Bankruptcy Code to recover alleged fraudulent transfers from the debtor to two creditors of the bankruptcy estate. 492 U.S. at 36. The creditors asserted that they had a right to a jury trial. *Id.* The bankruptcy court rejected that assertion, held a bench trial and entered judgment for the debtor. *Id.* The Supreme Court granted certiorari to decide whether the creditors were in fact entitled to a jury trial. The Court answered that question in the affirmative, reasoning that actions to recover "fraudulent conveyances of a determinate sum of money" had been brought exclusively at law in 18th-century England. *Id.* at 43-47. The

*In re: Jeffrey J. Prosser*
Civil Nos. 2008-146 and 2008-147
Memorandum Opinion
Page 6

Court further reasoned that because the trustee was seeking only the return of money, the action was equivalent to an action for damages, a legal remedy. *Id.*

The *Granfinanciera* Court set forth a three-part test to determine whether a party has a Seventh Amendment right to a jury trial.[1] First, the court must determine if the action would have been considered legal or equitable in 18th-century England before the merger of courts of law and equity. 492 U.S. at 42. Second, the court must "examine the remedy sought and determine whether it is legal or equitable in nature." *Id.* If these two factors weigh in favor of a jury trial, the court "must decide whether Congress may assign and has assigned resolution of the relevant

---

[1] In order to have such a right, the party cannot have submitted claims against the bankruptcy estate. *See Langenkamp v. Culp*, 498 U.S. 42, 44-45 (1990) (per curiam) (holding that when a party submits a proof of claim, it "trigger[s] the process of 'allowance and disallowance of claims,'" and thus consents to the bankruptcy court's jurisdiction to make a final decision with respect to its claim) (citation omitted). The Trustees argue, without citations to any authority, that because Prosser has filed motions to modify a preliminary injunction in another adversarial proceeding not under consideration here, she has submitted herself to the Bankruptcy Division's equitable powers. The Trustees substantiate that argument with no authority whatever. There is no evidence before the Court that Prosser has filed claims against the bankruptcy estates. Indeed, the Bankruptcy Division, in its ruling finding that Prosser has no jury trial right, stated that Prosser "has not filed a formal proof of claim in these related bankruptcies." (Mem. Op. with Respect to Right to Jury Tr. at 7, May 7, 2008.)

*In re: Jeffrey J. Prosser*
Civil Nos. 2008-146 and 2008-147
Memorandum Opinion
Page 7

claim to a non-Article III adjudicative body that does not use a jury as factfinder." *Id.*

In *Granfinanciera*, the Supreme Court found that fraudulent conveyance claims involving transfers of specific and determinate amounts of money would have been at law. The Court also differentiated actions to recover fraudulent transfers of tangible property from those to recover intangible property:

> If the subject matter is a chattel, and is still in the grantee's possession, an action in trover or replevin would be the trustee's remedy; and if the fraudulent transfer was of cash, the trustee's action would be for money had and received. *Such actions at law are as available to the trustee today as they were in the English courts of long ago*. If, on the other hand, the subject matter is land or an intangible, or the trustee needs equitable aid for an accounting or the like, he may invoke the equitable process, and that also is beyond dispute.

492 U.S. at 44 (citations omitted).

Here, the complaints in both adversarial proceedings are practically identical. Both complaints allege that Prosser fraudulently transferred or received large sums of money[2], gifts and sundry real property and real property benefits. The complaints further allege that at least some of the money, gifts and property are in Prosser's possession. The Trustees seek

---

[2] The Trustees assert that they have identified thousands of cash and credit card transfers amounting to at least $60 million. The complaints list several such transfers with corresponding dollar amounts.

*In re: Jeffrey J. Prosser*
Civil Nos. 2008-146 and 2008-147
Memorandum Opinion
Page 8

recovery in the form of both money and property, or the value thereof in money. The nature of the Trustees' actions is clearly one at law. *See Eberhard v. Marcu*, 530 F.3d 122, 136 (2d Cir. 2008) (noting that "one of the few areas beyond dispute is that an action 'for the recovery and possession of specific, real, or personal property is one at law'") (alteration omitted; quoting *Pernell v. Southall Realty*, 416 U.S. 363, 370 (1974)).

The Court next asks whether the remedy the Trustees seek is equitable or legal. The nature of the remedy sought here is, at least in part, a money judgment. That is, the Trustees essentially seek monetary relief for Prosser's alleged fraudulent conveyances. *See*, *e.g.*, *McCord v. Papantoniou*, 316 B.R. 113, 123 (E.D.N.Y. 2004) (suggesting that the jury trial right might be triggered because "the Trustee essentially seeks monetary relief for defendants' fraudulent conveyance"); *Glinka v. Abraham & Rose Co.*, Civ. No. 93-291, 1994 U.S. Dist. LEXIS 21328, at *33-34 (D. Vt. June 2, 1994) (holding that the defendant was entitled to a jury trial on a fraudulent conveyance claim for which an accounting was demanded). A money judgment is undoubtedly a legal remedy. *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 476 (1962) ("[I]nsofar as the complaint requests a money judgement it presents a claim which is unquestionably legal."); *Whitehead v. Shattuck*, 138 U.S. 146, 152 (1891) ("[W]here an action is simply

*In re: Jeffrey J. Prosser*
Civil Nos. 2008-146 and 2008-147
Memorandum Opinion
Page 9

for . . . the recovery of a money judgment, the action is one at law."); *Beard v. Braunstein*, 914 F.2d 434, 438 (3d Cir. 1990) (citations omitted).[3]

The third step of the *Granfinanciera* test asks whether Congress may assign the claims asserted against Prosser to a non-Article III adjudicative body that does not use a jury as a factfinder. The *Granfinanciera* Court made clear that "unless a legal cause of action involves 'public rights,' Congress may not deprive parties litigating over that right of the Seventh Amendment's guarantee to a jury trial." 492 U.S. at 53. The Supreme Court also explained:

> [M]atters from their nature subject to a suit at common law or in equity or admiralty lie at the protected core of Article III judicial power. . . . *There can be little doubt that fraudulent conveyance actions by bankruptcy trustees* -- suits which . . . constitute no part of the proceedings in bankruptcy but concern controversies arising out of it -- *are quintessentially suits at common law that more nearly resemble state-law contract claims* brought by a bankrupt corporation to augment the bankruptcy estate than they do creditors' hierarchically ordered claims to a pro rata share of

---

[3] To the extent the Trustees' various claims seek a mix of legal and equitable remedies, Prosser would nevertheless be entitled to a jury trial on all such claims. *See*, *e.g.*, *Curtis v. Loether*, 415 U.S. 189, 196 n. 11 (1974) ("If a legal claim is joined with an equitable claim, the right to a jury trial on the legal claim, including all issues common to both claims, remains intact."); *In re Jensen*, 946 F.2d 369, 372 (5th Cir. 1991) ("[J]oinder of equitable claims with legal claims does not deprive a party of the right to a jury trial on the legal claims.") (citations omitted).

*In re: Jeffrey J. Prosser*
Civil Nos. 2008-146 and 2008-147
Memorandum Opinion
Page 10

>  the bankruptcy res. *They therefore appear matters of private rather than public right*.

*Id.* at 56 (emphasis supplied; internal quotation marks and citations omitted). On the basis of this reasoning, the Court concluded that "a bankruptcy trustee's right to recover a fraudulent conveyance under 11 U.S.C. § 548(a)[] seems to us more accurately characterized as a private rather than a public right as we have used those terms in our Article III decisions." *Id.* at 55.

Here, the Trustees' fraudulent conveyance actions against Prosser aim to augment the bankruptcy estates and are brought, at least in part, pursuant to 11 U.S.C. § 548(a). Those actions are precisely the sort that the *Granfinanciera* Court held to be private, not public, rights. *See*, *e.g.*, *Beard*, 914 F.2d at 441.

The Trustees contend that Prosser has no Seventh Amendment right to a jury trial. They first assert that Prosser has failed to demonstrate "cause" under Section 157(d). That assertion is without merit. "'Cause' to withdraw the reference automatically exists in cases where the party seeking the withdrawal is entitled to a jury trial under the Seventh Amendment." *Peachtree Lane Assocs., Ltd. v. Granader*, 175 B.R. 232, 235 (N.D. Ill. 1994) (quoting *In re Americana Expressways, Inc.*, 161 B.R. 707, 709 (D. Utah 1993)); *see also Columbia Gas Transmission Corp. v.*

*In re: Jeffrey J. Prosser*
Civil Nos. 2008-146 and 2008-147
Memorandum Opinion
Page 11

*Columbia Gas System, Inc.*, Civ. No. 92-453, 1993 U.S. Dist. LEXIS 1280, at *18 (D. Del. Feb. 9, 1993) (noting that if a party has a Seventh Amendment jury trial right, there is "sufficient cause to withdraw the reference").

The Trustees also argue that Prosser waived her right to a jury trial by purportedly failing to timely assert that right in compliance with the Local Bankruptcy Rules.  That argument appears to extend only to another adversarial proceeding not under consideration here.  In Adversarial Proceeding Nos. 08-3003 and 08-3006, the subject of this opinion, Prosser did indeed assert her right to a jury trial under the Seventh Amendment.  The assertion of that right was both timely and compliant with the local rules.[4]  The Trustees' waiver argument is therefore unavailing.

---

[4] Local Rule of Bankruptcy Procedure 9015-1 ("Rule 9015-1") provides that "[t]he last date on which a demand for jury trial may be made by any party is fifteen (15) days after . . . an answer to a complaint . . . is filed and served[.]" LBR 9015-1. That rule further provides that "[t]he failure to comply with this Local Bankruptcy Rule shall be deemed to be a waiver of trial by jury in the Bankruptcy Court." *Id.*

In Adversarial Proceeding No. 08-3003, Prosser was required to demand a jury trial within fifteen days of her March 12, 2008, answer.  Clearly, as her jury demand was included with her answer to the complaint, her demand was filed within the deadline. Similarly, in Adversarial Proceeding No. 08-3006, Prosser included her jury demand in her answer.  That demand was therefore also timely.

*In re: Jeffrey J. Prosser*
Civil Nos. 2008-146 and 2008-147
Memorandum Opinion
Page 12

According to the Trustees, Prosser is also not entitled to a jury trial because the Bankruptcy Division has not yet determined whether the adversarial proceedings are "core" or "non-core." The Trustees overlook, however, that such a determination is largely irrelevant if a party has a Seventh Amendment right to a jury trial. *See*, *e.g.*, *In re Clay*, 35 F.3d 190, 194 (5th Cir. 1994) ("[R]egardless of whether one characterizes a proceeding as core or noncore, a case is not a public rights case if a litigant has a Seventh Amendment right to a trial by jury."); *In re Baker & Getty Fin. Servs.*, 954 F.2d 1169, 1173 & n.10 (6th Cir. 1992) (holding that "the district court must conduct [a] jury trial regardless of whether [the proceeding] is . . . 'core' or a 'non-core'" if the Seventh Amendment applies); *In re Concept Clubs, Inc.*, 154 B.R. 581, 585 (D. Utah 1993) (noting that "regardless of whether the matter is core, or non-core, the district court must conduct the jury trial if it is required by the Seventh Amendment").

Finally, the Trustees maintain that the *Granfinanciera* test tips in their favor because their claims against Prosser are purely equitable. They claim that they seek, among other things, injunctive relief to protect the bankruptcy estates' property and an equitable accounting of that property. In essence, the Trustees attempt to distinguish these proceedings from

*In re: Jeffrey J. Prosser*
Civil Nos. 2008-146 and 2008-147
Memorandum Opinion
Page 13

*Granfinanciera* on the ground that the trustee in *Granfinanciera* sought only specific amounts of money. The Trustees are not wholly incorrect in making that distinction. While the remedy sought in *Granfinanciera* does not exactly mirror that sought here, however, that distinction is immaterial. As in *Granfinanciera*, the Trustees ultimately seek monetary damages.[5] Under *Granfinanciera*, the Seventh Amendment right to a jury trial attaches to such an action. The mere fact that the Trustees seek an equitable accounting does not require Prosser to abandon her right to a jury trial on the Trustees' fraudulent conveyance claims.[6] *See*, *e.g.*, *Dairy Queen*, *Inc.*, 369 U.S. at 472-73 (noting

---

[5] Curiously, the Trustees assert that their complaints "do[] not seek any monetary relief." (Br. in Supp. of Resp. to Prosser's Mot. to Withdraw the Reference of Consolidated Adversary Proceedings at 15.) That assertion does not square with the Trustees' complaints themselves, which allege that the Trustees "may recover from the Defendant each of those Transfers, the value thereof, or any and all proceeds, *monies* or properties attributable to same." (Compl. ¶ 23) (emphasis supplied).

Indeed, the Trustees seek to recover, for example, $3,414,376.01 in wine and liquor purchases; $3,115,650.76 in charges relating to clothing, jewelry, luxury goods and travel; $3,112,824.50 in expenses for furniture and interior decorating service; and $1,332,639.70 in payments to a subcontractor for the construction of a house. (*See* Compl. ¶ 13.)

[6] To demonstrate that the *Granfinanciera* test favors them, the Trustees rely in part on *Jobin v. Youth Benefits Unlimited (In re M&L Business Mach. Co.)*, 59 F.3d 1078 (10th Cir. 1995). In that case, the Court of Appeals for the Tenth Circuit concluded that the appellant had no Seventh Amendment right in an action brought under 11 U.S.C. § 549, which provides that "the

*In re: Jeffrey J. Prosser*
Civil Nos. 2008-146 and 2008-147
Memorandum Opinion
Page 14

that "where both legal and equitable issues are presented in a single case, only under the most imperative circumstances can the right to a jury trial of legal issues be lost through prior determination of equitable claims") (alteration, quotation marks and citation omitted); *In re Stansbury Poplar Place, Inc.*, 13 F.3d 122, 125 (4th Cir. 1993).

All three parts of the *Granfinanciera* test are met. Accordingly, Prosser is entitled to a jury trial under the Seventh Amendment on the claims asserted against her by the Trustees. *See*, *e.g.*, *Langenkamp*, 498 U.S. at 45 ("[I]f a party does not submit a claim against the bankruptcy estate, . . . the trustee can recover alleged preferential transfers only by filing what amounts to a legal action to recover a monetary transfer. In those circumstances the preference defendant is entitled to a jury trial."); *Eberhard*, 530 F.3d at 136 ("Where [a] claim is for the right to possession, the Seventh Amendment guarantees a jury

---

trustee may avoid a transfer of property of the estate . . . that occurs after the commencement of the case . . . ."  The Tenth Circuit found that that provision is "clearly designed to protect the bankruptcy estate following its inception, . . . a procedure which is equitable in nature." *Jobin*, 59 F.3d at 1082 (citations omitted).  While the trustee in *Jobin* sought relief exclusively under 11 U.S.C. § 549, the Trustees here seek relief under that provision as well as 11 U.S.C. §§ 502, 544 and 548.  In *Granfinanciera*, the Supreme Court explicitly held that a 11 U.S.C. § 548 action triggered the right. 492 U.S. at 37.  The Trustees' reliance on *Jobin* is therefore misplaced.  The other cases on which the Trustees rely are similarly inapposite.

*In re: Jeffrey J. Prosser*
Civil Nos. 2008-146 and 2008-147
Memorandum Opinion
Page 15

trial.") (footnote omitted).

## IV.    CONCLUSION

For the foregoing reasons, the motions to withdraw the references in Adversarial Proceeding Nos. 08-3003 and 08-3006 will be granted.  The Court will schedule the trial of those two proceedings in due course.  An appropriate order follows.


                          S_____
                               **Curtis V. Gómez**
                                **Chief Judge**